JUDGE CASTEL

15 CV 03715



GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

SHADAYSHA GRAYS,

                Plaintiff,

- against -

CITY OF NEW YORK and POLICE OFFICER ERICKSON
RAMIREZ TAX I.D. 954260

                Defendants,

------------------------------------------------------------------X

CV

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, SHADAYSHA GRAYS, is a 24 year old female, who is a lesbian, and at all times relevant to this action, was a resident of Bronx, New York.

2. Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Bronx County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, Defendant POLICE OFFICER ERICKSON RAMIREZ TAX I.D. 954260, was at all relevant times an officer with the NYPD assigned to the 46th Precinct. All actions by RAMIREZ complained of herein were taken in the course of his employment and under color of law. RAMIREZ is being sued in both his individual and official capacities.

1

4. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6. A Notice of Claim was timely served upon NYC on or about July 17, 2014, within ninety days of April 28, 2014, the statutory date of accrual for the claims based upon false arrest and malicious prosecution. A 50-h hearing was held on September 23, 2014.

7. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

8. On April 28, 2014 Plaintiff was spending time with her friends, sitting on a bench or playing basketball, inside a public park located at 181st Street and Walton Avenue in the Bronx.

9. At approximately 7:00 p.m. Plaintiff was seated on a bench and was watching her friends as they played a pick-up game of basketball.

10. Plaintiff was then approached by RAMIREZ and his partner, both of whom were in uniform and assigned to the 46th Precinct.

11. Without any lawful basis, RAMIREZ told Plaintiff to leave the park and physically removed her from the bench on which she and others were seated.

12. RAMIREZ and his partner then physically escorted Plaintiff from the park and informed her that if she chose to walk back into the park, that she would be arrested and, that " if she wanted to act like a man, she would be treated like a man".

13. Plaintiff stood outside the park for a number of minutes as she waited for

her friends to complete their game of basketball.

14.  After approximately ten minutes, Plaintiff and her friends began to walk away from the park. Within a few blocks, at or near the intersection of Cameron Place and Morris Avenue, RAMIREZ again approached Plaintiff, told he that she had jaywalked, and placed her against a wall.

15.  RAMIREZ then failed to ask Plaintiff for identification, and instead placed her in handcuffs, as he or his partner called other officers to the scene. She was then frisked by male officers and placed into a police vehicle and taken to the 46th Precinct.

16.  Plaintiff was taken to the 46th Precinct, where she was placed into a cell. She remained in the cell for a short period of time before she was given a summons for Disorderly Conduct and permitted to leave the precinct.

17.  RAMIREZ issued Plaintiff a summons without a date on which she should return to Criminal Court.

18.  Plaintiff to this day suffers from severe emotional stress as a result of the discriminatory conduct, false arrest, and malicious prosecution.

## FIRST CLAIM

19.  Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18 of the Complaint as if incorporated and reiterated herein.

20.  By arresting Plaintiff without legal authority, Defendant RAMIREZ violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United

States Constitution. Specifically, the constitutional rights to be free from false arrest.

21. By reason thereof, Defendant RAMIREZ violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## SECOND CLAIM

22. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 of the Complaint as if incorporated and reiterated herein.

23. Plaintiff was unlawfully detained and arrested by Defendant RAMIREZ without probable cause.

24. By reason thereof, Defendant RAMIREZ caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

25. By reason thereof, and because RAMIREZ acted within the scope of his duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## THIRD CLAIM

26. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 25 of the Complaint as if incorporated and reiterated herein

27. RAMIREZ'S sole purpose for arresting Plaintiff was because of Plaintiff's sexual preference.

28. By commencing a proceeding in the absence of probable cause and with actual malice, RAMIREZ intentionally engaged in a malicious prosecution of Plaintiff.

29. By reason thereof, RAMIREZ caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

30. By reason thereof, and because RAMIREZ acted within the scope of his duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## FOURTH CLAIM

31. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated herein.

32. RAMIREZ'S sole purpose for arresting Plaintiff was based upon Plaintiff's sexual preference.

33. By commencing a proceeding in the absence of probable cause and with actual malice, RAMIREZ intentionally engaged in a malicious prosecution of Plaintiff.

34. By reason thereof, Defendant RAMIREZ violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## FIFTH CLAIM

35. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every

allegation of paragraphs 1 through 34 of the Complaint as if incorporated and reiterated herein.

36. By the actions described above, RAMIREZ engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused emotional distress to Plaintiff.

37. The acts and conduct of RAMIREZ were the direct and proximate cause of damage to Plaintiff.

38. By reason thereof, RAMIREZ intentionally caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

39. By reason thereof, and because RAMIREZ acted within the scope of his duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## SIXTH CLAIM

40. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39 of the Complaint as if incorporated and reiterated herein.

41. By the actions described above RAMIREZ engaged in conduct in unacceptable discriminatory conduct based upon Plaintiff's appearance and sexual orientation.

42. By reason thereof, RAMIREZ has violated Plaintiff's rights under the Equal Protection Clause of the 14th Amendment and caused Plaintiff to suffer physical injuries,

emotional distress, mental anguish and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

viii) Such other relief as the Court deems just and proper.

Dated: New York, New York
May 5, 2015

                Goldberg & Allen, LLP
                Attorneys for Plaintiff

By: _____
     Gerald Allen [GA-0950]
     49 West 37th Street, 7th Floor
     New York, New York 10018
     (212) 766-3366